IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ACF 2006 CORP.,

    Plaintiff,

vs.                      Case No. CIV-12-161-JTM

JOHN M. MERRITT, ET AL.,

    Defendants.

MEMORANDUM AND ORDER

Before the court is ACF's Motion to Strike Answer of Defendant Legal Research & Management Systems, Inc. and for Entry of Default and Brief in Support Thereof (Dkt. No. 227). Legal Research & Management Systems, Inc. (LRMS) has responded (Dkt. No. 261) and has filed a Motion for Leave to File Answer out of Time and to Deem Pleading as Filed by Attorney of Record (Dkt. No. 264).

ACF 2006 Corp. filed its Amended Complaint (Dkt. No. 91) on April 4, 2012. Defendant LRMS, through its president David Emmerson, filed an Answer to the Amended Complaint on May 15, 2012. Mr. Emmerson is not an attorney. ACF moved to strike and for an entry of default because "[a]s a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). ACF also moved for entry of default because LRMS was served with a copy of the Amended Complaint on April 12, 2012, and 21 days have passed before it filed an Answer. *See* FED. R. CIV. P. 12(a)(1)(A).

On July 20, 2012, Patrick Garrett filed an Entry of Appearance on Behalf of LRMS and responded to ACF's Motion. He also filed a Motion for Leave to File Answer Out of Time (Dkt. No 264). LRMS concedes that its previous Answer filed by Mr. Emmerson should be stricken. But it also moves the court for leave to file an answer out of time through counsel. Several courts have granted corporations leave to obtain counsel and to file an answer out of time in similar situations. *See, e.g.*, *Coleman Co., Inc. v. Bulton Enters. Co., Ltd.*, No. 11-1185, 2012 WL 10355, at *3 (D. Kan. Jan. 3, 2012) (granting plaintiff's motion to strike answer, but allowing defendant 30 days to cure the defective pleading by appearing with an attorney and filing another answer); *Trap King, L.L.L.P. v. Mobile Home Park Servs., Inc.*, No. 08-CV-0661, 2009 WL 799269, at *1 (N.D. Okla. Mar. 24, 2009). Additionally, "[d]efault judgments are disfavored by courts." *Polaski v. Colo. Dept. of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006) (citing *Katzson Bros., Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988)). Because LRMS has obtained counsel, this court will allow it time to file its Answer out of time. Such Answer shall be filed no later than July 26, 2012. Failure to Answer by that date will result in an entry of default against LRMS.

LRMS also moves the court to allow it to adopt the objection it filed previously (Dkt. No. 237) as if it were filed by counsel. For good cause shown, the court grants this request. The court will allow LRMS to adopt Dkt. No. 237 as if it were filed by counsel. But to do so, it must refile Dkt. No. 237, including any supplements, no later than July 27, 2012.

IT IS ACCORDINGLY ORDERED this 24th day of July 2012, that ACF's Motion to Strike Answer of Defendant Legal Research & Management Systems, Inc. and for Entry of Default and Brief in Support Thereof (Dkt. No. 227) is denied.

IT IS FURTHER ORDERED that Legal Research & Management Systems, Inc.'s Motion

for Leave to File Answer out of Time and to Deem Pleading as Filed by Attorney of Record (Dkt. No. 264) is granted. LRMS shall refile its Answer by July 27, 2012. Failure to answer by that date will result in an entry of default against LRMS.

DATED this 26th day of July, 2012.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE